# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ALLISON STANFIELD HANCE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-00201-SEP |
| | ) |
| LELAND DUDEK,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Leland Dudek, the Acting Commissioner of Social Security, denying the application of Plaintiff Allison Stanfield Hance for supplemental security income (SSI) under Title XVI of the Act 42 U.S.C. §§ 1381 *et seq*. Because there is substantial evidence to support the decision denying benefits, the Court affirms the Commissioner's denial of Plaintiff's application.

## I.    BACKGROUND

On March 17, 2021, Allison Stanfield Hance filed for SSI (Tr. 205-10), alleging that she had been unable to work due to disability since August 24, 2020, when she was 22 years old. Plaintiff is a high school graduate with no relevant work experience. (Tr. 22, 227, 234). She alleged disability due to fibromyalgia, migraines, and trigeminal neuralgia. (Tr. 233). Her application was initially denied, and she requested review of that decision by an Administrative Law Judge (ALJ). (Tr. 110-11). On October 27, 2022, after a hearing at which Plaintiff testified, an ALJ issued a decision finding that Plaintiff was not disabled as defined in the Act, as she was able to perform work in the national economy during the relevant time period. (Tr. 86-109). Plaintiff filed a Request for Review of Hearing Decision with the SSA Appeals Council, seeking review of the ALJ's decision in light of evidence that was submitted prior to the ALJ's decision but inadvertently omitted from the record. (Tr. 197-201). The Appeals Council granted her request, reviewed the evidence, determined that it was consistent with the ALJ's decision and, in a decision that mirrored that of the ALJ, found that Plaintiff was not disabled under the

---

[1] Leland Dudek became Acting Commissioner for the SSA in February 2025. Pursuant to Federal Rule of Civil Procedure 15(d), Dudek is substituted as Defendant in this suit. *See* 42 U.S.C. § 405(g).

Act.  (Tr. 1-8).  Plaintiff has exhausted all administrative remedies, and the decision of the Appeals Council stands as the final decision of the Social Security Administration.

## II.    STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove he is disabled.  *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).  The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[2] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process).  At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611.  At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611.  At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings").  20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611.  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process.  20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

---

[2]  All references are to the version of the regulations in effect on the date of the ALJ's decision.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if he cannot make such an adjustment, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

## III.    THE ALJ'S DECISION

The Appeals Council found that Plaintiff had the severe impairments of migraine headaches, fibromyalgia, trigeminal neuralgia, post-traumatic stress disorder, and generalized anxiety. (Tr. 6, 92-95). The Appeals Council concurred with the ALJ's finding that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.* The Appeals Council further found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567, but with certain exertional and non-exertional limitations: she was limited to occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; she could never climb ladders, ropes, or scaffolds; she could tolerate only moderate levels of noise, such as that found in an office environment; she should avoid exposure to workplace hazards such as extreme heat and cold, humidity, vibration, and pulmonary irritants; she was limited to simple, routine, repetitive duties, and could concentrate on those tasks two hours at a time; she could not interact with the public as a primary function of her job; and she could only

3

occasionally interact with co-workers and supervisors, and only if the interaction was incidental and not part of a teamwork setting.  (Tr. 6, 96).

The Appeals Council found that Plaintiff had no past relevant work.  (Tr. 6, 101).  But the Appeals Council, like the ALJ, determined that Plaintiff was able to perform occupations that exist in significant numbers in the national economy and concluded that Plaintiff was not disabled as defined in the Act.  (Tr. 6, 102).

## IV.   STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Pate-Fires*, 564 F.3d at 942; *see also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from it. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  But the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'"  *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)).  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision."  *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.    DISCUSSION

Plaintiff challenges the decision, asserting that the Step Three analysis was legally insufficient due to a failure to adequately elaborate on the conclusion that Plaintiff's migraine-related impairments did not meet or exceed Listing 11.02B.[3] Doc. [6] at 1, 11.  She also argues that there was no medical evidence supporting her ability to function in the workplace despite her mental conditions, and so substantial evidence does not support the ALJ's mental RFC finding.  Defendant responds that Plaintiff did not meet her burden of showing that her migraines medically equaled a listing, as she did not submit a statement from a medical provider that adequately described the effects of her migraines.  Doc. [9] at 4.  Defendant further asserts that the ALJ properly relied on substantial evidence in the record showing that her headaches were not disabling, including her marked improvement with medication and injections.  *Id*. at 5-6 (citing *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017), which held that "[a]n ALJ's failure to address a specific listing or to elaborate on [her] conclusion that a claimant's impairments do not meet the listings is not reversible error if the record supports the conclusion").  Defendant also argues that the ALJ's mental RFC finding was supported by substantial evidence, including unremarkable examination findings and Plaintiff's conservative course of treatment, which did not include treatment with a psychiatrist, and so the RFC should be affirmed.  *Id*. at 9-11.

As described above, this Court's role is to determine whether the decision is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724.  As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it because there is substantial evidence that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs.  Based on a careful review of the record as a whole, and for the reasons stated in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit.  The record contains substantial

---

[3]  Migraine disorder is not a listed impairment, but a claimant may show that her migraines medically equal the listing for epilepsy, Listing 11.02, which is the most closely analogous listed impairment for headache disorder.  *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 11.02; SSR 19-4p.

evidence supporting the ALJ's decisions as to both Step Three and Plaintiff's RFC.  *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence that could have led to a different conclusion.  But this Court's task is not to reweigh the evidence presented to the ALJ.  The weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion.  *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**VI.    CONCLUSION**

Having reviewed the entire record, the Court determines that the decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 24th day of March, 2025.


_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

6